UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABEL SABORIT, JR.,

                    Plaintiff,

  -v.-

HARLEM HOSPITAL CENTER AUXILIARY,
INC., et al.,

                  Defendants.
------------------------------------------------------------X

ORDER
19 Civ. 4686 (RA) (GWG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/19

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

     1. The above-referenced action has been referred to the undersigned for general pre-trial purposes. See 28 U.S.C. § 636(b)(1)(A). All pre-trial applications, including those relating to scheduling and discovery, shall be made to the undersigned (except motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification). All applications must comply with this Court's Individual Practices, which are available through the Clerk's Office or at: https://nysd.uscourts.gov/hon-gabriel-w-gorenstein

     2. All discovery (as well as requests for admissions) must be initiated in time to be concluded by the deadline for all discovery.

     3. Discovery motions -- that is, any application pursuant to Rules 26 through 37 or 45 -- not only must comply with ¶ 2.A. of the Court's Individual Practices but also must be made promptly after the cause for such a motion arises. In addition, absent extraordinary circumstances no such application will be considered if made later than 30 days prior to the close of discovery. Untimely applications will be denied.

     4. Any application for an extension of the time limitations with respect to any deadlines in this matter must be made as soon as the cause for the extension becomes known to the party making the application and must be made in accordance with ¶ 1.E of the Court's Individual Practices. The application must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

5. The Court is aware of the letter dated December 9, 2019, from plaintiff's counsel (Docket # 23). The request for relief in this letter is denied without prejudice to a new request (if necessary) that complies with paragraph 2.A of the Court's Individual Practices. The Court notes that its Individual Practices require counsel to "respond within one business day to any request from another party to confer unless an emergency prevents such a response.

SO ORDERED.

Dated: December 9, 2019
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge