UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ABEL SABORIT, JR.,

                                 Plaintiff,

      - against -

HARLEM HOSPITAL CENTER AUXILIARY INC., NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, and KEESHA NEDD, individually,

                                Defendants.

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

19 Civ. 4686 (LJL) (GWG)

------------------------------------------------------------------- x

      **WHEREAS**, the parties anticipate that confidential material will be exchanged in discovery in this action; and

      **WHEREAS**, the parties object to the production of confidential material unless appropriate protection for its confidentiality is assured; **NOW THEREFORE**

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties as represented below, as follows:

      1.    As used herein, "Confidential Materials" shall mean all documents, testimony and information concerning:

          a.    personnel or former personnel of the City of New York ("City") or the New York City Health and Hospitals Corporation ("HHC") or or any agencies of the City, other than the plaintiff in this action, including, but not limited to personal information such as home addresses, telephone numbers, social security numbers, discipline and personnel files including all information contained therein such as salary, promotions, discipline and evaluations;

          b.    All documents and information containing personal health information, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a

     party or nonparty pursuant to any Authorization to Release Medical Records executed by the Plaintiff in this action;

  c. All documents and information concerning requests for public assistance, including HIV/AIDS Services Administration records;

  d. All documents and information containing mental health information of any party hereto, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a party or nonparty pursuant to any Authorization to Release Psychotherapy Notes executed by the Plaintiff in this action;

  e. proprietary information, trade secrets or other similar confidential information of the City of New York;

  f. taxpayer identification numbers and social security numbers;

  g. any information of a personal or intimate nature regarding any individuals who are not plaintiffs in this action;

  h. any documents that the parties agree are subject to this stipulation;

  i. any documents that are designated on the face thereof as "Confidential";

  j. any documents that the Court directs to be produced subject to this protective order; and

  k. any testimony or discovery response which reveals the contents of materials produced subject to this order.

  2. The term "Confidential Materials" shall include plaintiff's tax returns, tax forms W-2, wage statements, bank statements, and/or any other personal financial documents, but shall not include testimony, including deposition testimony, concerning plaintiff's tax returns, income, or past, present, or future employment.

  3. Plaintiff and plaintiff's counsel shall not use the Confidential Materials produced by defendants for any purpose other than for the preparation or presentation of plaintiff's case in this action and any appeals arising from a decision in this action.

4.  Defendants and defendants' counsel shall not use the Confidential Materials produced by plaintiff for any purpose other than for the preparation or presentation of defendants' defenses in this action and any appeals arising from a decision in this action.

5.  The Parties and the Parties counsel of record shall not disclose the Confidential Materials produced by the opposing party to any person other than employees of the law office of counsel of record, nor disclose information contained in confidential materials, except under the following conditions:

   a.  Disclosure before and during trial may be made only to the parties, to an expert who has been retained or specially employed by the parties counsel of record in anticipation of litigation or preparation for this action, to a witness in preparation for and/or at a deposition, or to the Court.

   b.  Before any disclosure is made to a person listed in subparagraph (a) above (other than to the Court), the parties' counsel of record shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the attorney making such disclosure.

   c.  Any depositions taken in this action where either Confidential Materials or the contents of Confidential Materials, or documents containing Confidential Materials may be disclosed or used shall be attended only by the deponent, the deponent's attorney, the parties, the parties' counsel

record, and the court reporter.  All persons attending any deposition(s) in this case shall be subject to this Order.  Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. In filing Confidential Materials with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Materials ("Confidential Court Submission"), the parties shall publicly file a redacted copy of the Confidential Court Submission through the Electronic Case Filing System.  The parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

7. **GWG: Nothing herein shall be construed to relieve any party of the responsibility to make an application to the Court that justifies the sealing in accordance with paragraph 2.E of the Court's Individual Practices.**

8. These restrictions may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by order of the Court.

9. Each individual who receives Confidential Materials hereby agrees to subject themselves to the jurisdiction of this court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this protective order.

- 5 -

10. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived there from, shall be returned to the producing parties' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit. **GWG: This provision does not bind the Court.**

11. Nothing in this Stipulation and Protective Order shall be construed to limit the party producing the Confidential Materials from using the Confidential Materials they produce in any manner.

12. The provisions of this Stipulation and Protective Order shall, absent further order of the Court, continue to be binding throughout and after the conclusion of this case and any appeals.

THE BALANCE OF THIS PAGE IS INTENTIONALLY LEFT BLANK.

13. This Court retains jurisdiction over all matters arising under this protective order.

Dated:   New York, New York
         April 30, 2020

| | |
|---|---|
| **CRUMILLER P.C.** | **JAMES E. JOHNSON** |
| Attorneys for Plaintiff | Corporation Counsel of the |
| 222 Broadway, 19th Floor |   City of New York |
| New York, NY 10038 | Attorney for Defendants |
| | 100 Church Street, Room 2-173 |
| | New York, New York 10007-2601 |
| | (212) 356-1180 |
| By:  /s/ | By:  /s/ |
|     Chloe Liederman |     Leo T. Ernst |
| |     Assistant Corporation Counsel |

**SO ORDERED:**

_/s/ Gabriel W. Gorenstein_

April 30, 2020
**Date**                                         **U.S.M.J.**

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the Southern District of New York on April 27, 2020, in the action entitled <u>Abel Saborit Jr. v. New York City Health and Hosps. Corp., et al.</u>, Civil Action No.: 19 Civ. 4686 (LJL) (GWG), understands its terms and agrees to be bound by it. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution or defense of this action, and will not further disclose the Confidential Materials except in testimony taken in this action.  The undersigned voluntarily submits to the personal jurisdiction of the United States District Court for the Southern District of New York for purposes of the enforcement of the above-cited protective order and the imposition of any sanctions for contempt of that order.

DATED: _____, 202_

_____
SIGNATURE

_____
Print Name

_____
Occupation

STATE OF NEW YORK      :
                       :   ss:
COUNTY OF _____   :

On _____, 202_, before me personally came _____,
to me known, and known, and duly acknowledged to me that he/she executed this document.

_____
Notary Public