UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

:

ABEL SABORIT, JR.,                                   :

                              Plaintiff,             :

                                                     :                    19-cv-4686 (LJL)

              -v-                                    :

                                                     :                    OPINION AND ORDER

HARLEM HOSPITAL CENTER AUXILIARY, INC., et  :

al.,                                                 :

                                                     :

                              Defendants.            :

                                                     :

---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _3/19/2021__

LEWIS J. LIMAN, United States District Judge:

      Defendants Harlem Hospital Center Auxiliary Inc. ("Harlem Hospital"), New York City Health and Hospitals Corporation, and Keesha Nedd ("Nedd") (collectively "Defendants") move, pursuant to Fed. R. Civ. P. 56, for summary judgment.  Plaintiff Abel Saborit, Jr. ("Plaintiff" or "Saborit") was an employee at Harlem Hospital from approximately November 2018 to March 2019.  He also is HIV-positive.  He claims that that his employment was terminated on account of his disability as being HIV-positive and in retaliation for his request for a reasonable accommodation.  Defendants move for summary judgment on the grounds that Plaintiff did not inform Defendants of his disability, the facts do not give rise to an inference of discrimination, and that Defendants had legitimate, non-discriminatory and non-retaliatory reasons for the termination.

      For the following reasons, the motion for summary judgment is denied.

## BACKGROUND

      In November 2018, Plaintiff began working as an assistant personnel director in the human resources division at Harlem Hospital.  He alleges that on December 13, 2018, he

informed Nedd, who was the director of human resources at Harlem Hospital, that he was

HIV-positive and requested the following reasonable accommodation necessitated by side effects

of his HIV medications: (1) permission to occasionally lie down in his office due to the dizzying

effect of his HIV medications; (2) permission to change clothes as needed throughout the day

due to excessive perspiration caused by his HIV medications; and (3) easy and rapid access to a

restroom due to digestive and stomach upset caused by his HIV medications.

Plaintiff alleges that after he disclosed that had HIV, Defendants thereafter began to

discriminate and retaliate against him.  In January 2019, he was told by Nedd that human

resources generalist employees would no longer report to him and would instead report to her.

In late January 2019, his access to the employee restrooms was revoked and he was told he

would be required to notify his team each time he had to use the restroom.  At the same meeting,

Plaintiff alleges, Nedd informed him that he could no longer share the private office suite he had

previously shared with Nedd and that he would be relocated to an open cubicle down the hall.  In

addition, he was reprimanded for taking certain actions that other similarly-situated employees

also took without receiving the same type of reprimand.  In February 2019, Plaintiff alleges

Nedd harshly remanded him for making a personal phone call at work, which was an emergency

call to his mother, despite the fact that other employees also made personal calls and did not

receive such reprimand.  On March 7, 2019, Plaintiff received a performance review after only

four months on the job—which Plaintiff claims should have been given at six months.  That

evaluation gave Plaintiff an overall rating of "needs improvement."  On the same date, Nedd met

with Plaintiff and informed him he was being terminated for poor work performance.

Defendants assert that they had legitimate nondiscriminatory and nonretaliatory reasons

for Plaintiff's termination.  They claim that Plaintiff lost access to the private bathroom because

he left it in poor condition and that Plaintiff's work location was moved so that he could be closer to the team he was assigned to supervise.  They further claim his performance review and termination were due to his performance deficiencies: he was often late to work, was away from his desk when a practice audit came in that required his attention, failed to establish himself as a human resources presence in certain divisions of Harlem Hospital, and failed to demonstrate competency with his staff or the employees in his assigned business area.  Significantly, Defendants deny that Plaintiff informed Nedd that he was a person living with HIV, relying on Nedd's deposition testimony that she was not told until after Plaintiff's termination.  Plaintiff responds to each of those purported performance deficiencies, arguing that his time sheets show that he was late only twice while other employees were often late and he missed the practice audit when he left to grab lunch during his designated lunch time (and told his team when he did so), and he disputes that he did not establish himself as a human resources presence and denies that he was incompetent in his assigned business area.  He also asserts that prior to his termination, he had received no complaints or warnings about his performance.

Plaintiff initiated this action on May 21, 2019, bringing claims of disability discrimination and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107.  Dkt. No. 1.  Defendants filed an answer on July 26, 2019, Dkt. No. 12, and the Court entered a case management plan on November 1, 2019, Dkt. No. 20.  After mediation, several settlement conferences, and extensions of time for discovery, Defendants moved for summary judgment on November 30, 2020.  Dkt. No. 68.  Opposition and reply briefs were filed on December 31, 2020, Dkt. No. 74, and January

11, 2021, Dkt. No. 75.  A bench trial is scheduled to proceed in this action on June 1, 2021.  Dkt. Nos. 65, 79.

## LEGAL STANDARD

Summary judgment under Fed. R. Civ. P. 56 is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  A fact is material if it might affect the outcome of the suit under the governing law."  *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 49 (2d Cir. 2009) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).

In determining whether there are any genuine issues of material fact, the Court must view all facts "in the light most favorable to the non-moving party," *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008), and the movant bears the burden of demonstrating that "there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a).  If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment."  *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).  It may not rely on "mere speculation or conjecture as to the true nature of the facts," *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted), or "on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible," *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citation omitted).  Rather, to survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), and demonstrating more than "some metaphysical doubt as

to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  If "the party opposing summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," summary judgment shall be denied.  *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9-10 (2d Cir. 1983).

## DISCUSSION

Viewing the evidence in the light most favorable to the non-moving party, Plaintiff, Plaintiff informed Nedd of his disability in mid-December 2018.  Prior to informing Nedd of his disability, Plaintiff had received favorable (albeit, limited) feedback on his work performance. After he informed Nedd of his disability, he was moved out of his private office, required to travel to a different floor to use the restroom (and to inform co-employees of his frequent bathroom breaks), reduced in his supervisory responsibilities, and ultimately terminated from employment.  His evidence consists primarily of his own deposition testimony but it is also supported by a prior consistent statement made to his sister who has submitted a declaration, *see* Fed. R. Evid. 801(d)(1), and testimony from a co-worker to his favorable performance and that others engaged in similar conduct as Plaintiff without being terminated.

Defendants argue, with some force, that "plaintiff's self-serving testimony is insufficient to create a disputed issue of fact."  Dkt. No. 75 at 2.  The Second Circuit authority upon which they rely does not support such a broad proposition.  In *Deebs v. Alstom Transportation, Inc.*, 346 F. App'x 654, 656 (2d Cir. 2009), one of the two plaintiffs was hired for the position of test technician notwithstanding a failing grade on a test of electronics knowledge because of the "desperate need" for test technicians.  He retook the test but failed again and was also unable to improve his work performance in response to criticism by his supervisors.  As to the second plaintiff, the record demonstrated that his superiors were concerned "long before" his

termination with his "brusque manner in dealing with those employees he was charged with supervising." *Id.* at 656-57. The Second Circuit held that summary judgment was properly granted on the discrimination claims brought by both plaintiffs because the only evidence that they cited was their own self-serving testimony and plaintiffs "made no attempt . . . to square their own *speculative, and subjective, testimony* with the hard evidence adduced during discovery." *Id.* at 656 (emphasis added) (quoting *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985)). The Second Circuit relied upon its prior opinion in *Meiri*, in which it granted summary judgment where the sole evidence of religious discrimination was plaintiff's testimony that she heard disparaging remarks about Jewish people and plaintiff refused to identify the people who made the disparaging remarks, when they were made, or where they were made. *Meiri*, 759 F.2d at 998. The *Meiri* court concluded: "To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases." *Id.*

Plaintiff has opposed summary judgment here with testimony of concrete particulars and with testimony that is not subjective. For example, he has testified with specifics as to when he told Nedd of his disability and what he said, the specifics of the adverse actions taken against him, and the basis on which he claims that the asserted reasons for those actions are pretextual. Each element of Plaintiff's testimony is hotly disputed by testimony from Defendants. But that does not eliminate the need for a trial; it creates the need for a trial. For example, Defendants' denials that Plaintiff told Nedd of his disability is no less self-serving than Plaintiff's claim that he reported the disability. On the record before the Court, each party has an interest in the outcome of the case and no party's testimony should be assumed to be more self-serving than another's.

**CONCLUSION**

The motion for summary judgment is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 68.

As stated in the Court's Order of March 15, 2021, the bench trial will proceed in-person on June 1, 2021.  *See* Dkt. No. 79.  The parties shall submit the joint pretrial order and fully submitted motions in limine by May 14, 2021.  The final pretrial conference will proceed in-person, as previously scheduled, on May 27, 2021 at 10:00 a.m.


SO ORDERED.

Dated: March 19, 2021
      New York, New York

                                          LEWIS J. LIMAN
                               United States District Judge