

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

NICHOLAS L. COLLINS
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-2464

May 31, 2021

**By ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Saborit v. N.Y.C. Health & Hosps. Corp., et al.,
               19 Civ. 4686 (LJL) (GWG)
               Our No. 2019-039087

Dear Judge Liman:

      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for all defendants in the above-referenced action. Defendants write in response to Plaintiff's letter regarding the testimony of Greycy Rodriguez. (ECF No. 98).

      On May 27, 2021, the parties appeared before Your Honor for a final pre-trial conference. As part of the proceedings, the parties discussed the anticipated testimony of Greycy Rodriguez. Plaintiff represented to the Court that Rodriguez will testify about three topics: (1) that she called Harlem Hospital on behalf of plaintiff and was provided with a negative reference; (2) general HR procedures regarding accommodation requests; and (3) testimony regarding plaintiff's work performance and attitude while working for a previous employer. See Ex. A (Transcript) at 10:5-13:20. As addressed below, Defendants assert that Rodriguez's testimony should be limited to her purported phone call to Harlem Hospital seeking a reference for Plaintiff. Ms. Rodriguez's opinion testimony regarding HR procedures generally should be precluded because Plaintiff has failed to disclose her as an individual with *any* information beyond what was contained within his limited interrogatory response and she certainly was never identified as an expert. Furthermore, even if she had been so identified, any such opinion testimony would be beyond the scope of appropriate lay person opinion testimony. Finally, despite trying to classify it as habit evidence, Rodriquez's testimony regarding Plaintiff's prior work performance and attitude with a prior employer amounts to impermissible propensity testimony and is not admissible pursuant to Rule 406.

      As an initial matter, Defendants acknowledge that on or about June 22, 2020 Plaintiff disclosed the name and telephone number for Greycy Rodriguez in response to Defendants' interrogatory request. (See ECF at 98 at Ex. C). However, Defendants note that the

HONORABLE LEWIS J. LIMAN
United States District Judge
Saborit v. N.Y.C. Health & Hosps. Corp., et al.
19 Civ. 4686 (LJL) (GWG)
May 31, 2021
Page 2

interrogatory was for the very limited scope of identifying the individual who had allegedly called Harlem Hospital on behalf of Plaintiff for the purpose of requesting a recommendation. To the extent that Plaintiff represents that his interrogatory response should have put Defendants on notice of the various topics they now seek to elicit through Rodriguez, they are mistaken. Rule 26 of the Federal Rules of Civil Procedure mandates that a party disclose the identity of witnesses and the *subject of the discoverable information*. See FED. R. CIV. P. 26. "The Rule also contains a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete, unless the information has otherwise been made known to the party during the discovery process." Bynum v. Metro. Transp. Auth., No. 01-cv-7945 (CLP), 2006 U.S. Dist. LEXIS 98617, at *4 (E.D.N.Y. Nov. 21, 2006), citing FED. R. CIV. P. 26. A party that fails to amend a previous response is "not permitted to use such information as evidence, unless there is substantial justification provided for the failure and such failure is harmless." Bynum, citing FED. R. CIV. P. 37(c)(1); Triola v. Snow, No. 01-cv-1603, 2006 U.S. Dist. LEXIS 13146 (E.D.N.Y. Mar. 15, 2006) (noting that "Rule 37 specifically identifies preclusion as a possible sanction where a party offers no substantial justification for late disclosure"). Here, Plaintiff never amended his initial disclosures to include the subject(s) of information that they now plan to elicit through Rodriguez' testimony. Even more glaring is the fact that Plaintiff failed to include these newly disclosed subjects of testimony in the JPTO. In line with his interrogatory response, the JPTO lists "mitigation, and negative reference Defendant NYC H+H gave for Abel Saborit after his termination" as the sum and substances of Rodriguez's testimony. (See ECF No. 90). As such, it is abundantly clear that Plaintiff has failed to timely disclose that Greycy Rodriguez would testify about: (1) general HR procedures regarding accommodation requests; and (2) habit testimony regarding plaintiff's work performance and attitude while working for a previous employer. Therefore, the Court should limit her testimony to the single topic that was disclosed in a timely manner.

In addition to the fact that Plaintiff has failed to timely disclose several topics of information they now seek to elicit from Greycy Rodriguez, her testimony regarding standard HR practice is impermissible expert witness testimony. Rule 702 permits expert witnesses to offer testimony in the form of an opinion if, "the experts…specialized knowledge will help the trier of fact…". See FED. R. EVID. 702. However, Rule 26(a)(2)(A) requires disclosure of all witnesses it may use at trial to present evidence under Rule 702, 703, and 705. See FED. R. CIV. P. 26. Such disclosure must also include the subject matter on which the witness is expected to present evidence as well as a summary of the facts and opinions to which the witness is expected to testify. Such a disclosure has never been made even to this day. As such, said testimony should be summarily precluded as it is unduly prejudicial and would amount to improper trial by ambush. This prejudice is not harmless because it has usurped Defendants' opportunity to consider whether they wished to designate a counter expert witness or gather further evidence to refute this proffered testimony. Finally, Defendants might have decided to depose Rodriguez had they know she was being called as an expert and offering expert opinion testimony. See AmTrust N. Am., Inc. v. KF&B, Inc., 17-CV-5340 (LJL), 2020 U.S. Dist. LEXIS 170463, at *3

**HONORABLE LEWIS J. LIMAN**
United States District Judge
Saborit v. N.Y.C. Health & Hosps. Corp., et al.
19 Civ. 4686 (LJL) (GWG)
May 31, 2021
Page 3

(S.D.N.Y. Sept. 16, 2020). Moreover, Defendants assert that to the extent Plaintiff wishes to claim that the testimony would fall under Rule 701, he should be denied as general best practices and procedures relating to Human Resources amounts to specialized knowledge and not lay person testimony.

Finally, Plaintiff asserts that he intends to elicit "habit" testimony, pursuant to Rule 406, pertaining to Plaintiff's work performance and attitude. However, such testimony should be precluded as it is not proper habit testimony and instead amounts to impermissible character evidence. FRE 406 provides that "[e]vidence of the habit of a person . . . is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit or routine practice." The relevant Committee Note defines "habit" as "the person's regular [semi-automatic] practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn." Soley v. Wasserman, 08-CV-9262 (KMW), 2013 U.S. Dist. LEXIS 88235, at *13-14 (S.D.N.Y. Jun. 21, 2013); see also Zubulake v. UBS Warburg LLC, 382 F.Supp. 2d 536, 542 (S.D.N.Y. 2005) ("Habit is conduct that is situation-specific, i.e., specific, particularized conduct capable of almost identical repetition"). The Court in Zubulake, dealt with a very similar issue to the one presently before this Court. There, defendants sought to introduce evidence of plaintiff's prior employment to show that plaintiff had a propensity for poor work performance. Id. At *539-540. Defendants argued that said evidence was admissible to prove habit pursuant to Rule 406. Id. The Zubulake Court excluded this evidence, holding that plaintiff's conduct at a previous employer was the result of factors unique to her previous employer's work environment, such as different supervisors and colleagues. Id. At *12-13. The Zubulake Court further held that "insubordination at two securities firms is not sufficient frequency to show the type of semi-automatic conduct envisioned in Rule 406." Id. At *13. Here, Plaintiff seeks to elicit habit testimony for a similar reason, to refute Defendants' testimony that his termination was based upon poor work performance. However, testimony from a former subordinate is not enough to establish conduct envisioned in Rule 406 for several reasons. First, the work environments are not comparable as Plaintiff worked with different supervisors and employees at Fresh Direct and Harlem Hospital. Second, Greycy Rodriguez appears to have been plaintiff's subordinate and thus was not tasked with supervising {laintiff or evaluating his work performance. Third, Plaintiff's general work performance does not amount to a "habit" and, fourth, comparing Plaintiff's general behaviors at Harlem Hospital to one prior employer, Fresh Direct, is not sufficient.

**HONORABLE LEWIS J. LIMAN**
United States District Judge
Saborit v. N.Y.C. Health & Hosps. Corp., et al.
19 Civ. 4686 (LJL) (GWG)
May 31, 2021
Page 4

      Accordingly, Defendants submit that the testimony of Greycy Rodriguez should be limited to the single topic of information that was disclosed in Plaintiff's interrogatory response, namely, that she purportedly called a reference and received negative information about the plaintiff.. Testimony regarding any additional subject matters disclosed at the final pre-trial conference should be precluded pursuant to Rule 26, 37(c) and further, is inadmissible pursuant to Rule 404, 406, and 701.

      Respectfully submitted,

*Nicholas L. Collins*
Nicholas L. Collins
Assistant Corporation Counsel

To:   **BY ECF ONLY**
      CRUMILLER, P.C. (all attorneys)